UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| IN RE BEXTRA AND CELEBREX MARKETING, SALES PRACTICE, AND PRODUCT LIABILITY LITIGATION | | CASE NO. MDL No. 1699 # 1957 |
| This Document Relates to: | | [~~PROPOSED~~] ORDER GRANTING PFIZER DEFENDANTS' JOINT MOTION SEEKING ORDER DISMISSING PLAINTIFFS' CLAIMS WITH PREJUDICE OR OTHER APPROPRIATE SANCTIONS |
| Adams, Carol | 05-1699 CRB | |
| Berry, Dorothy | 05-1699 CRB | |
| Clack, Edwin | 06-6020 CRB | |
| Garcia, Irma | 05-1699 CRB | |
| Hamilton, Sarah Jay | 06-6080 CRB | |
| Hornel, Todd Conrad | 06-6081 CRB | (COMPLIANCE MOTION NO. 6) |
| John, Richard | 07-0473 CRB | |
| Kenwood, James | 05-1699 CRB | Date:   October 12, 2007 |
| Matthews, Harold | 06-5848 CRB | Time:   10:00 A.M. |
| Moore, Deborah | 05-1699 CRB | Judge:  Hon. Charles R. Breyer |
| Myers, Gary | 07-1517 CRB | |
| Phlegm, Lawrence | 05-1699 CRB | |
| Pierluisses, Rafael | 05-1699 CRB | |
| Routt, Delorious | 06-2392 CRB | |
| Salgado, Manuela | 05-1699 CRB | |
| Youngblood, Patricia | 05-1699 CRB | |

THIS MATTER having come before the Court on the Pfizer Defendants' Expedited Motion Seeking Order Dismissing Plaintiffs' Claims With Prejudice; the parties having received due notice and having had the opportunity to be heard; and this Court having considered all submissions made in support of and in opposition to the motion, finds as follows:

Plaintiffs listed in the caption to this Order have failed to comply with Pretrial Order No. 6 ("PTO 6") by failing to provide defendants a completed Plaintiff Fact Sheet ("PFS"),

correctly executed authorizations, and responsive documents or provide notice that none are in the possession of plaintiff or plaintiff's counsel (collectively, "the discovery required by PTO 6"). Plaintiffs also have failed to comply with the order issued by the Special Master, Judge Fern M. Smith (Ret.), on August 9, 2007, requiring plaintiffs to provide the discovery required by PTO 6 within twenty-one days of entry of that Order or face dismissal with prejudice ("the compliance order"). The plaintiffs' failure is particularly egregious given the numerous efforts the Court and the parties have made to provide notice of plaintiffs' discovery obligations. (*See* Pfizer Defs.' Mem. of P. & A. in Supp. of Mot., at 2-6; Declaration of Stuart M. Gordon in Supp. of Pfizer Defendants' Mot. to Dismiss, ¶¶ 3-20.)

Based on these failures, the Court also finds as follows:

(1) The public's interest in expeditious resolution of this litigation is compromised by the plaintiffs' failure to comply with PTO 6 and the Special Master's compliance order. This Court and the public have an overriding interest in securing the just, speedy, and inexpensive determination of every action. Plaintiffs' delay is unreasonable and has impeded the resolution of these matters.

(2) The Court's need to manage its docket is compromised by the plaintiffs' failure to comply with PTO 6 and the Special Master's compliance order. The Court cannot effectively move forward with the cases in which plaintiffs have provided the required discovery when other plaintiffs have failed to do so. Dismissal of these plaintiffs will serve to appropriately penalize these plaintiffs for their non-compliance and also will encourage other plaintiffs to comply with this Court's case management orders.

(3) Defendants are prejudiced by the plaintiffs' failure to comply with PTO 6 and the Special Master's compliance order. Without the discovery required by PTO 6, the Pfizer Defendants cannot defend themselves because they have no information about the individual plaintiffs or the plaintiffs' injuries outside the allegations of the complaint. The defendants are also prejudiced by the loss of evidence and memory that attend the delay in providing required discovery, factors that are aggravated by the complexity of this litigation.

1  (4) The public policy favoring disposition on the merits is overridden by plaintiffs' failure to comply with PTO 6 and the Special Master's compliance order. The Court finds that plaintiffs' failure to provide the required discovery obstructs resolution of their claims on the merits. A case that is stalled or unreasonably delayed by a party's failure to comply with deadlines and discovery obligations cannot move forward toward resolution on the merits. Accordingly, this dismissal factor does not weigh in favor of plaintiffs at all.

(5) There are no less drastic sanctions available to force the plaintiffs to comply with this Court's orders. The Court finds that PTO 6 and the Special Master's compliance order both provide specific warnings stating that claims may be dismissed with prejudice for failure to comply with discovery obligations. The Court also finds that Plaintiffs received warning letters from Defendants that prompted no response.

Accordingly, after weighing the dismissal factors discussed in *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987), and *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217 (9th Cir. 2006), and in light of this Court's role in overseeing this multidistrict litigation, the Court hereby finds that dismissal of these plaintiffs' claims with prejudice is warranted.

THEREFORE, IT IS HEREBY ORDERED THAT the Pfizer Defendants' Expedited Motion is GRANTED and the claims of the plaintiffs listed in this caption are DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED.**

Dated: October **12**, 2007

HONORABLE CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

-3-